CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 20 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| AUDREY L. RATCLIFF, | ) | Civil Action No. 7:04CV00757 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ABC TELEVISION & APPLIANCE | ) | |
| RENTAL, INC. t/a PRIME TIME | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

On October 28, 2005, a jury found for the defendant, ABC Television & Appliance Rental, Inc. (ABC), in the above captioned Title VII action, and the court entered a judgment in favor of ABC and against the plaintiff, Audrey L. Ratcliff. On December 27, 2005, rather than simply requesting the Clerk to tax costs against Ratcliff as a matter of course pursuant to Federal Rule of Civil Procedure 54(d)(1), ABC filed a "motion for bill of costs," seeking $1,954.84.[1] Ratcliff filed a brief in opposition to ABC's motion on January 17, 2006. Ratcliff has not challenged the legitimacy, character, or magnitude of any of the costs ABC seeks; rather, she claims that, by waiting two months to seek costs, ABC unreasonably delayed and that the court, therefore, should deny ABC's motion as untimely. The court has reviewed the motions and briefs and finds that a hearing on the matter is unnecessary.

Before departing from the "normal practice" of awarding costs to the prevailing party, the court must "first articulat[e] some good reason for doing so." Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir.1990) (internal quotations omitted). Ratcliff has not challenged the legitimacy, character, or magnitude of the costs sought; therefore, the only "good reason" that might deter the court from the normal practice of awarding costs is

---

[1] ABC seeks $46.50 for fees for service of summons and subpoena, $1,672.40 for fees of the court reporter, $222.19 for fees for witnesses, and $13.75 for exemplification and copies.

Ratcliff's contention that ABC's motion was fatally untimely. Federal Rule of Civil Procedure 54(d)(1) does not prescribe a specific time limit for seeking costs, and the local rules of the Western District of Virginia are silent on the issue. Thus, a party need only seek costs within a reasonable time which does not transgress the general dictate of Federal Rule of Civil Procedure 1 that the rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action." See U.S. v. Hoffa, 497 F.2d 294, 296 (7th Cir. 1974) ("All of the Federal Rules of Civil Procedure, including Rule 54(d) relating to costs, must be interpreted in light of Rule 1 . . . ."); Nelson v. Darragh Co., 120 F.R.D. 517 (W.D. Ark. 1988); U.S. v. Pinto, 44 F.R.D. 357 (W.D. Mich. 1968). The court finds that ABC's two-month delay was not unreasonable and that allowing ABC to recover costs under Rule 54 would not offend Rule 1. Compare Hoffa, 497 F.2d at 296 (affirming district court's allowance of costs despite one-year delay) and Nelson, 120 F.R.D. at 519 (allowing party to recover costs despite one-month delay), with 44 F.R.D. at 359 (disallowing costs due to four-year delay). Accordingly, the court grants ABC's motion and taxes costs against Ratcliff in the amount of $1,954.84.

**ENTER:** This 19th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE